# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SCOTT A. GALLANT, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. 2:24-cv-00451-SDN |
| TOWN OF BOWDOINHAM et al., | ) ) ) |
| Defendants | ) |

## RECOMMENDED DISMISSAL

Scott Gallant initiated this case on December 23, 2024, by filing a pro se complaint against the Town of Bowdoinham and its employees and officials.[1] *See* ECF No. 1. Along with his complaint, Gallant filed a motion to proceed *in forma pauperis* (IFP). *See* ECF No. 3. I denied Gallant's IFP motion on January 2, 2025, after determining that he did not qualify for IFP status; in my order, I directed him to pay the Court's filing by January 16, 2025, and warned him that if he failed to do so his case would be dismissed. *See* ECF No. 6. Nevertheless, Gallant did not pay the filing fee by January 16, 2025.

Gallant's failure to pay the filing fee warrants the dismissal of his action. *See, e.g.*, *Oliver v. Versant Power*, No. 1:21-cv-00225-JAW, 2021 WL 4942861, at *1-2

---

[1] Strangely, Gallant identifies himself as the defendant and the Town and its officials and employees as the plaintiffs. *See* ECF No. 1 at 1-2. I liberally construe his complaint as asserting civil rights claims against the Town and its employees and officials, *see* ECF No. 1 at 4, so I have identified him as the plaintiff in the caption. To the extent that Gallant is actually attempting to challenge a state court protection order the Town and its employees and officials obtained against him, *see* ECF Nos. 1-1 and 1-2, this Court lacks jurisdiction over such an appeal, *see Donovan v. Fowle*, 762 F. Supp. 2d 186, 196 (D. Me. 2011) (explaining that "lower federal courts are precluded" under the *Rooker-Feldman* doctrine "from exercising appellate jurisdiction over final state-court judgments").

(D. Me. Oct. 21, 2021) (rec. dec.) (dismissing a case because the plaintiff did not pay the filing fee or file an IFP application), *aff'd*, 2021 WL 5371550 (D. Me. Nov. 17, 2021).  Moreover, even if Gallant had paid the filing fee as ordered, his case would be subject to dismissal because his complaint lacks sufficient detail to state a plausible claim for relief and seems, at least in part, to be an improper attempt to collaterally attack a state court judgment.  *See Scott v. Mr. Cooper*, No. 2:24-cv-00380-LEW, 2024 WL 4882535, at *1-2 (D. Me. Nov. 25, 2024) (rec. dec.) (exercising the court's inherent power to dismiss a pro se complaint even after the plaintiffs paid the filing fee because the complaint failed to state a plausible claim for relief and appeared to be an improper attempt to interfere with state court proceedings or overturn a state court judgment), *aff'd*, 2025 WL 103082 (D. Me. Jan. 15, 2025). For these reasons, I recommend that the Court **DISMISS** Gallant's complaint.

### NOTICE

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: January 17, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge